**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JOSEMARIA ZUNIGA GONZALEZ,

Petitioner,

v.

ADELANTO ICE PROCESSING CENTER, et al.,

Respondents.

Case No. 5:26-cv-02482-SP

**MEMORANDUM OPINION AND ORDER DENYING PETITION**

**I.**

**INTRODUCTION**

On May 11, 2026, petitioner Josemaria Zuniga Gonzalez,[1] a federal immigration detainee, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition" or "Pet."). Docket no. 1. Petitioner is being held at the U.S. Immigration and Customs Enforcement ("ICE") Processing Center in Adelanto, California. Petitioner

[1] Petitioner is identified as "Josemaria Zuniga Gonzales" in the Petition and on CM/ECF. However, petitioner is identified as "Josemaria Zuniga Gonzalez" in his immigration and other documents, as well as on the EOIR website. *See* Pet., Exs. 1-5; https://acis.eoir.justice.gov/en/.

contends his detention violates his right to due process under the Fifth Amendment. Petitioner seeks immediate release from immigration custody and other injunctive relief.

On May 18, 2026, respondents filed an Answer. Docket no. 7. Petitioner filed a Reply on May 22, 2026. Docket no. 9.

For the reasons discussed below, the court denies the Petition.

## II.

## BACKGROUND

Petitioner is a native and citizen of Mexico who entered the United States without inspection in September 1999 at the age of two. Pet. at 2, 10.[2] Petitioner has resided continuously in the United States since then. *See id*. Petitioner owns two businesses and is engaged to a United States citizen. *Id*.

On or about November 10, 2020, petitioner was convicted of an unspecified crime. *See id*., Ex. 2.

On June 26, 2025, ICE agents arrested petitioner and initiated removal proceedings. Pet. at 2, 10. On July 25, 2025, the immigration judge ("IJ") determined petitioner was subject to 8 U.S.C. § 1225(b)(2)(a) and was therefore ineligible for bond. *See id*., Ex. 3.

Petitioner filed an application for asylum, withholding of removal, and protection under the Convention Against Torture. Pet. at 10. The IJ denied the application on October 10, 2025. *Id*. Petitioner's appeal of the denial is pending before the Board of Immigration Appeals ("BIA"). *Id*. at 10, Ex. 5.

On November 17, 2025, petitioner and seven other noncitizens filed a habeas petition and application for temporary restraining order ("TRO") in this court seeking

---

[2] The Petition is signed only by petitioner's counsel and is not verified by petitioner. The court presumes that the facts alleged in the Petition are accurate: (1) for the purposes of Part II of this opinion and if not disputed by respondents; (2) if supported by documents or other evidence in the record; or (3) if the information could have been within counsel's personal knowledge.

release from custody unless respondents provided them with a bond hearing pursuant to 8 U.S.C. § 1226(a). *See Vasquez v. Noem*, case no. 5:25-cv-03087, docket no. 1. On November 19, 2025, the court granted the TRO application, enjoining respondents from continuing to detain the *Vasquez* petitioners unless they were each provided an individual bond hearing pursuant to § 1226(a). *See id*., docket no. 9. The *Vasquez* petitioners filed a notice of voluntary dismissal on December 9, 2025. *Id*., docket no. 12.

Meanwhile, petitioner requested and then withdrew a request for a § 1226(a) bond hearing. Pet. at 3, 11. Subsequently, petitioner requested a hearing pursuant to *Rodriguez v. Holder*, 2013 WL 5229795 (C.D. Cal. Aug. 6, 2013), *aff'd in part, rev'd in part sub nom. Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015), *rev'd sub nom. Jennings v. Rodriguez*, 583 U.S. 281 (2018). *Id*. On January 22, 2026, the IJ conducted the *Rodriguez* hearing and denied bond on the ground that petitioner is a flight risk. *Id*. at 3, 11, Ex. 3.

On April 8, 2026, the Los Angeles County Superior Court vacated petitioner's conviction. Pet., Ex. 2.

Petitioner filed the instant Petition on May 11, 2026. Docket no. 1.

## III.

## DISCUSSION

Petitioner raises two Fifth Amendment due process claims: (1) his prolonged detention violates due process; and (2) his bond hearing was constitutionally inadequate. *See* Pet. at 12-23. Respondents argue the Petition should be denied because respondents provided petitioner with a bond hearing as ordered. Answer at 2.

### A. The Court Has Jurisdiction Over One Claim in the Petition

#### 1. Prolonged Detention

A federal district court may issue a writ of habeas corpus when a petitioner demonstrates he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the

writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Here, petitioner argues he should be released because his prolonged detention violates the Due Process Clause of the Fifth Amendment. *See* Pet. at 12-18. He has therefore properly invoked this court's habeas jurisdiction.

The Immigration and Nationality Act contains several provisions that limit judicial review of immigration-related matters, including most notably 8 U.S.C. §§ 1252(a)(5), 1252(b)(9), and 1252(g). While § 1252(g) strips the court of jurisdiction to hear any claim "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," the Supreme Court has clarified that the language of § 1252(g) does not "sweep in any claim that can technically be said to 'arise from' the three listed actions," but instead refers "to just those three specific actions themselves." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (citation omitted). The applicability of § 1252(b)(9), which works in conjunction with § 1252(a)(5) to channel certain immigration-related matters to the Courts of Appeals, has been limited in similar fashion. *See Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 19 (2020) (citation omitted); *see also Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d 788, 810-11 (9th Cir. 2020) ("Section 1252(b)(9) is also not a bar to jurisdiction . . . because claims challenging the legality of detention . . . are independent of the removal process.") (citations omitted). Because, with one of his claism, petitioner is challenging his detention rather than any of the three actions listed above, 8 U.S.C. §§ 1252(a)(5), 1252(b)(9), and 1252(g) do not strip this court of jurisdiction.

**2. <u>Bond Hearing</u>**

"Under [8 U.S.C.] § 1226(e), an alien may not challenge a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release in federal court." *Martinez v. Clark*, 124 F. 4th 775 (9th Cir. 2024) (citing *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (cleaned up)). This includes

discretionary bond decisions. *See Perez Velasquez v. Bondi*, 2026 WL 1042479, at *2 (S.D. Cal. Apr. 16, 2026).

"Although § 1226(e) restricts jurisdiction in the federal courts in some respects, it does not limit habeas jurisdiction over constitutional claims or questions of law." *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011); *see Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022) (courts have jurisdiction under 28 U.S.C § 2241 to consider any error of law in an immigration proceeding, including due process violations); *Perez Velasquez*, 2026 WL 1042479, at *2. The "application of the 'dangerousness' standard is a reviewable mixed question" of law and fact. *Martinez*, 124 F.4th at 783; *Singh*, 638 F.3d at 1207 n.6 ("The question of what standard of dangerousness the government must meet presents a reviewable legal issue."). Similarly, a flight risk determination is also a mixed question of fact law and fact, "which is reviewable to the district court as a question of law." *Miri v. Bondi*, 2026 WL 622302, at *5 (C.D. Cal. Mar 5, 2026); *W.T.M. v. Bondi*, 2026 WL 262583, at *1 (W.D. Wash. Jan. 30, 2026) (court has subject matter jurisdiction over the IJ's flight risk determination where the petitioner challenges whether the bond hearing violates his due process rights). As such, "a district court has jurisdiction to review an IJ's discretionary bond denial where that bond denial is challenged as legally erroneous or unconstitutional" for abuse of discretion. *Kharis v. Sessions*, 2018 WL 5809432, at *4 (N.D. Cal. Nov. 6, 2018) (collecting cases); *see Martinez*, 124 F.4th at 784; *Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1078 (W.D. Wash. 2026); *Miri*, 2026 WL 622302, at *5.

Here, although petitioner asserts he did not receive a constitutionally adequate bond hearing, his claim is actually a challenge of the IJ's discretionary decision. Simply arguing in conclusory fashion that a bond hearing is constitutionally inadequate is insufficient. *Cf. Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (a petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process."). At bottom, petitioner argues the factual basis underlying the IJ's decision has since changed and a weighing of the factors listed in *In re Guerra*, 24 I. & N. Dec. 37, 40

(BIA 2006), now supports release. The court is precluded from reviewing underlying factual determinations and may not reweigh evidence. *Martinez*, 124 F.4th at 783, 785. As such, the court lacks habeas jurisdiction to consider petitioner's bond determination claim.[3]

**B. <u>Petitioner's Detention Does Not Violate Due Process</u>**

Petitioner contends his prolonged detention violates due process as demonstrated by the factors set forth in *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019). Pet. at 12-18.

"[I]n a series of decisions since 2001, the Supreme Court and [Ninth Circuit] have grappled in piece-meal fashion with whether the various immigration detention statutes may authorize indefinite or prolonged detention of detainees and, if so, may do so without providing a bond hearing." *Rodriguez*, 804 F.3d at 1067. In *Rodriguez*, the court held that individuals detained under §§ 1225(b), 1226(a), and 1226(c) are entitled to a bond hearing after they have been detained for six months. *Id*. at 1089. The Supreme Court reversed *Rodriguez*, finding that none of the statutes can reasonably be read to limit detention to six months. *Jennings*, 583 U.S. at 297-307. But the Supreme Court declined to reach the constitutional question of whether prolonged detention violates due process. *See Duvine v. Hermosillo*, 814 F. Supp. 3d 1230, 1233 (W.D. Wash. 2026).

"[N]early all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will – at some point – violate the right to due process." *Jemal v. Warden, Cal. City Det. Facility*, 2026 WL 1584710, at *4 (E.D. Cal. June 3, 2026). Thus, district courts in this Circuit, with the exception of this district, have applied the *Banda* factors in determining whether

---

[3] Even if the court had jurisdiction to review petitioner's bond determination claim, the court notes that changed circumstances do not retroactively render a bond hearing inadequate. Instead, a petitioner may request a new § 1226 hearing based on a material change in circumstances. 8 CFR § 1003.19(e).

a noncitizen's prolonged detention without a bond hearing violates due process. In contrast, this district has continued to require a *Rodriguez* hearing every six months for those detained under §§ 1225(b), 1226(a), and 1226(c). *Rodriguez*, 804 F.3d at 1067.

Accordingly, the court need not apply the *Banda* framework to determine whether petitioner's detention without a bond hearing violates due process.[4] First, petitioner was granted a § 1226(a) bond hearing. Second, in contrast to other district courts in this Circuit, the Central District requires that noncitizens who have been detained six months receive a *Rodriguez* bond hearing every six months. Petitioner could have received a § 1226(a) bond hearing as ordered, but he withdrew his request. Instead, petitioner requested a *Rodriguez* hearing, which he received. Thus, there was no due process violation because petitioner received the relief granted by the court in *Rodriguez*. The fact that the IJ denied petitioner's request to be released on bond does not mean his detention violates due process. Moreover, petitioner should have received another *Rodriguez* hearing earlier this summer.

## IV.

## ORDER

IT IS THEREFORE ORDERED that judgment will be entered denying the Petition with prejudice.

DATED: August 31, 2026

SHERI PYM
United States Magistrate Judge

[4] As this court previously found, petitioner is subject to § 1226(a) and not § 1225(b)(2). *See* case no. 5:25-cv-03087, docket no. 9. Petitioner's statutory classification is not relevant here, however, because the question is the constitutionality of prolonged detention without a bond hearing, which can occur regardless of the statute under which petitioner is detained. *See Rodriguez*, 804 F.3d at 1084 ("Although § 1226(a) provides for discretionary, rather than mandatory, detention and establishes a mechanism for detainees to seek release on bond, non-citizens often face prolonged detention under that section.").